34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Samuel J. CARTER, Plaintiff-Appellant,
v.
Richard MARTINEZ, Defendant-Appellee.
 No. 93-1093.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, ANDERSON and EBEL, Circuit Judges.
 
 
 1
 Appellant, Samuel Carter, appeals the district court's dismissal of his pro se claim under 42 U.S.C.1983. It appears that the district court dismissed Mr. Carter's complaint sua sponte pursuant to Fed.R.Civ.P. 12(b)(6) without service.[2]
 
 
 2
 While Mr. Carter was incarcerated at the Fremont Correctional Facility, he was observed in the prison maintenance shop grinding the edges of a piece of metal.[3] Prison authorities alleged that he was grinding the metal to form a knife, and charged him with a disciplinary offense for possession of dangerous contraband. Mr. Carter contends that he was making a shim to level one of the machines. At his disciplinary hearing, a photocopy of the metal object was admitted into evidence rather than the piece of metal itself. Mr. Carter objected and insisted that the metal object be introduced. His request was denied. He was found guilty and sentenced to twenty-five days of punitive segregation, and was placed indefinitely in administrative segregation. Mr. Carter claims that he was denied due process of law, and that he continues to suffer as a result of this constitutionally infirm hearing.
 
 
 3
 Mr. Carter seeks to have all references of his conviction and reclassification expunged from his record; his prior facility assignment and job restored with back pay; all good time awarded that was withheld as a result of the conviction and segregation; and damages paid for each day spent in both punitive and administrative segregation.[4]
 
 
 4
 We review de novo the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). A complaint should not be dismissed under this rule "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All of the plaintiff's factual allegations are presumed to be true and construed in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Although a plaintiff is usually afforded an opportunity to amend his complaint before it is dismissed under Rule 12(b)(6), a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." McKinney v. State of Okla. Dept. of Human Servs., 925 F.2d 363, 365 (10th Cir.1991) (citation omitted).
 
 
 5
 A pro se litigant's complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Taking Mr. Carter's factual allegations as true, we conclude that the due process requirements set out by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), may have been violated. These requirements state that an inmate facing disciplinary proceedings must be allowed "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correction goals." Id. at 566.
 
 
 6
 Mr. Carter's claim alleges facts sufficient to state a claim for which relief can be granted. We are unable to make any further determinations given the sparse record below, which includes several unreadable photocopies. We therefore remand this case to the district court so that the defendant can be served, and the record can be sufficiently developed. The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.
 
 ANDERSON, Circuit Judge, dissenting:
 
 7
 The majority's reasoning violates the "some evidence" standard mandated by the Supreme Court in Superintendent v. Hill, 472 U.S. 445 (1985). Mr. Martinez admits in his complaint that he "was seen grinding a piece of metal." At his disciplinary hearing on the charge of breaking prison rules by possessing contraband, a picture of the piece of metal was introduced as evidence, rather than the piece of metal itself. Mr.Martinez contends that this procedure violated the United States Constitution since the metal itself would show that its "shape" was "nothing like a knife." In Hill, 472 U.S. at 455-56, the United States Supreme Court stated that the "relevant question [in reviewing a challenge to a prison disciplinary proceeding] is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board," not whether there might be better evidence (emphasis added). I fail to see how the claim regarding the piece of metal itself has or could have the constitutional importance the majority attaches to it in view of Hill. This is particularly so in view of the fact that Mr. Martinez makes no claim that he was authorized to grind a "shim" for a piece of loose machinery. Nor does his complaint suggest that he tried to get a view of the machinery into evidence to show that it needed a shim.
 
 
 8
 Prisoners' weapons come in all sorts of shapes, and are employed with endless inventiveness and malevolence. It is improper for us to interfere with the conclusions of the disciplinary board in this case on the ground that Martinez has stated some sort of colorable constitutional claim based on the Board's failure to have the actual piece of metal before it, when it obviously had some evidence.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This action was referred to a magistrate judge, whose recommendations were adopted by the district court. Neither the magistrate judge's recommendation nor the district court's order states that the court relied on Rule 12(b)(6) in dismissing the action. The language that the magistrate judge used, however, indicates that he dismissed the action under Rule 12(b)(6). If the court relied on 28 U.S.C.1915(d) to dismiss the complaint, we are persuaded that Mr. Carter has stated an arguable claim for relief which would make dismissal for frivolousness under 1915 improper. See Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir.1991)
 
 
 [3]
 Mr. Carter is currently an inmate at Centennial Correctional Facility in Canon City, Colorado
 
 
 [4]
 To the extent that Mr. Carter seeks relief affecting the length of his confinement, the magistrate judge properly characterized the action as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, and dismissed it for failure to allege exhaustion of state remedies. See Smith v. Maschner, 899 F.2d 940, 951 (10th Cir.1990). Mr. Carter's motion for appointment of counsel is also denied