925 F.2d 363
 18 Fed.R.Serv.3d 1255
 Robert Dale McKINNEY, Plaintiff-Appellant,
v.
STATE of OKLAHOMA, DEPARTMENT OF HUMAN SERVICES, SHAWNEE,
OK--Unknown names representing McKinney Children; Ken
Cadaret, Director of Health Services; Billie Clark; John
G. Canavan, Jr.; Bill Roberson, District Attorney of
Pottawatomie County; Pottawatomie County Board of County
Commissioners, Defendants-Appellees.
 No. 90-6282.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 8, 1991.
 
 Submitted on the Briefs*
 Robert Dale McKinney, pro se.
 William D. Simpson, Asst. Dist. Atty., Pottawatomie County, Shawnee, Okl., Jonna S. Geitgey, Asst. Gen. Counsel, Dept. of Human Services, Oklahoma City, Okl., for defendants-appellees.
 Before LOGAN, MOORE and BALDOCK, Circuit Judges.
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Robert Dale McKinney appeals pro se from the dismissal of his 42 U.S.C. Sec. 1983 civil rights complaint pursuant to 28 U.S.C. Sec. 1915(d). He also seeks leave to proceed on appeal in forma pauperis, the district court having denied his petition to appeal in forma pauperis. See 10th Cir.R. 24.1.
 
 
 2
 Plaintiff sought $360,000 in damages against state, tribal and county officials for alleged civil rights violations arising out of his felony conviction and a juvenile proceeding involving his minor children. The district court held that the eleventh amendment barred plaintiff from proceeding against the Oklahoma Department of Human Services. U.S. Const. Am. XI. It also found that his allegations against the remaining defendants were "frivolous, improper and totally void of merit" and dismissed the entire action pursuant to 28 U.S.C. Sec. 1915(d). See McKinney v. State of Okla., No. CIV-90-488-W, unpub. order at 2, 4 (W.D.Okla. June 25, 1990).
 
 
 3
 "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal ... without prepayment of fees and costs ... by a person who makes affidavit that he is unable to pay such costs or gives security therefor." 28 U.S.C. Sec. 1915(a). However, a court also "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. Sec. 1915(d). In Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) the Supreme Court explained that this section
 
 
 4
 accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, see, e.g., Williams v. Goldsmith, 701 F.2d 603 (7th Cir.1983), and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.
 
 
 5
 Id. at 327-28, 109 S.Ct. at 1833.
 
 
 6
 Dismissals under Sec. 1915(d) are governed by a legal standard distinct from dismissals pursuant to Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) authorizes dismissal whenever a complaint fails to state a claim on which relief can be granted "without regard to whether [the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327, 109 S.Ct. at 1832. In contrast, whenever a plaintiff states an arguable claim for relief, dismissal for frivolousness under Sec. 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect. Id. at 328, 109 S.Ct. at 1833. Further, whereas district courts proceeding under Rule 12(b)(6) must accept as true all of a plaintiff's well-pleaded factual allegations, Sec. 1915(d) allows district courts to "pierce the veil of the complaint's factual allegations." Id. at 327, 109 S.Ct. at 1833. Finally, while a district court may dismiss pursuant to Sec. 1915(d) sua sponte, see id., "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon," id. at 329, 109 S.Ct. at 1834.
 
 
 7
 The Supreme Court in Neitzke expressly declined to rule on the propriety of sua sponte dismissals under Fed.R.Civ.P. 12(b)(6). Id. at 329 n. 8, 109 S.Ct. at 1835 n. 8. However, in Baker v. Director, United States Parole Comm'n, 916 F.2d 725 (D.C.Cir.1990) (per curiam), the D.C. Circuit held "that a trial court may dismiss a claim sua sponte without notice 'where the claimant cannot possibly win relief.' " Id. at 726 (quoting Omar v. Sea-Land Serv., 813 F.2d 986, 991 (9th Cir.1987)). See also 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil Sec. 1357 at 301 (2d ed. 1990) (district court may dismiss sua sponte under Fed.R.Civ.P. 12(b)(6)). Although the preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim, we agree with and adopt the reasoning of the D.C. Circuit and hold that a sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, see Baker, 916 F.2d at 727, and allowing him an opportunity to amend his complaint would be futile, see generally Huxall v. First State Bank, 842 F.2d 249, 240 n. 2 (10th Cir.1988) (recognizing sua sponte dismissal of claim under Rule 12(b)(6) and approving district court's denial of motion for leave to amend complaint where such amendment would be futile).
 
 
 8
 We have reviewed the briefs and record on appeal construing plaintiff's pro se pleadings liberally as required by Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). We agree with the district court that the eleventh amendment bars plaintiff from seeking money damages against the Oklahoma Department of Human Services. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989). We also find plaintiff's claims against the District Attorney, Assistant District Attorney and Court Clerk of Pottawatomie County precluded by the doctrines of prosecutorial immunity and judicial immunity. See Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir.1990); Christensen v. Ward, 916 F.2d 1462, 1473-75 (10th Cir.1990); Valdez v. City and County of Denver, 878 F.2d 1285, 1288-89 (10th Cir.1989). Finally, we conclude that the actions of the Director of Health Services for the Citizen Band Pottawatomie Tribe were not under color of state law for the purposes of maintaining plaintiff's suit against him under 42 U.S.C. Sec. 1983. See Evans v. McKay, 869 F.2d 1341, 1347 (9th Cir.1989); R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir.1983), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).
 
 
 9
 Defendants clearly were immune from suit and plaintiff's complaint alleged "infringement of a legal interest which clearly [did] not exist." See Neitzke, 109 S.Ct. at 1833. Consequently, plaintiff's action was properly dismissed under Sec. 1915(d). See id; Goldsmith, 701 F.2d at 604.
 
 
 10
 Plaintiff's petition to proceed on appeal in forma pauperis is GRANTED. The district court's dismissal of his action is under Sec. 1915(d) is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument