931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jeffery Dean COOPER, Plaintiff-Appellant,
v.
William WADE, Von Ruden and CARPER, Defendants-Appellees.
 No. 90-3376.
 United States Court of Appeals, Tenth Circuit.
 April 18, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Jeffery Dean Cooper filed a pro se complaint under 42 U.S.C. Sec. 1983 alleging "gross indifference and denial of medical care contrary to the Eighth Amendment. Among his claims were:
 
 
 2
 1. Defendants "ignored" medical care prescribed by plaintiff's private physician;
 
 
 3
 2. Defendant Von Ruden delayed performance of a C.A.T. scan prescribed by a private physician;
 
 
 4
 3. Defendant Von Ruden took away a wheelchair ordered by another physician;
 
 
 5
 4. Defendant Carper did not allow plaintiff to have prescribed exercise;
 
 
 6
 5. Defendants deprived plaintiff of prescribed medications.
 
 
 7
 The district court dismissed the complaint prior to service of process upon the finding that "read liberally, the complaint alleges no more than delay in performing the C.A.T. scan procedure and plaintiff's obvious difference of opinion regarding the appropriate course of his medical treatment." The court held these allegations "fail to state a claim cognizable under 42 U.S.C. Sec. 1983." The court did not state the basis of its order, but from the foregoing, we assume the court envoked Fed.R.Civ.P. 12(b)(6). We reverse.
 
 
 8
 When considering a motion to dismiss under Rule 12(b)(6), the court must consider every well-pleaded averment as true. McKinney v. State of Oklahoma Dept. of Human Servs., 925 F.2d 363, 365 (10th Cir.1991). Moreover, pro se pleadings are entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972). Given that liberal standard of review, we must conclude plaintiff's complaint raised specific, non-conclusory instances of the denial of proper medical care in addition to his claim over the delay of his C.A.T. scan. Liberally construed, as required, these averments state a claim beyond a mere difference of opinion regarding the appropriate course of his medical treatment. For these reasons, the trial court erred in dismissing the complaint under Fed.R.Civ.P. 12(b)(6) without motion or notice. Neitzke v. Williams, 109 S.Ct. 1827, 1834 (1989); McKinney, 925 F.2d at 365. In so concluding, however, we do not imply that the complaint can withstand the test of properly filed Rule 12(b)(6) or Rule 56 motions. We simply hold the district court acted prematurely in this instance.
 
 
 9
 The motion to proceed on appeal without payment of fees is GRANTED and the judgment of the district court is REVERSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3