943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald SCHROEDER, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary, Department of the Air Force,
Defendant-Appellee.
 No. 91-1107.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The plaintiff-appellant, Ronald R. Schroeder, alleges that the United States Air Force ("USAF") refused to hire him in violation of 42 U.S.C. § 2000e-16. The district court dismissed his complaint on res judicata grounds. This suit constitutes the fourth action filed by the plaintiff based upon the alleged violation of section 2000e-16 by the USAF. The first suit was dismissed for failure to exhaust, and the next two were dismissed under the doctrine of res judicata. Although the second suit may have been improperly dismissed on res judicata grounds it nonetheless constitutes a final decision as to this dispute.[1] The third suit as well as this, the fourth suit, were properly dismissed on res judicata grounds. Therefore, we AFFIRM the district court's dismissal for the reasons stated by the lower court.[2]
 
 
 3
 Because this case represents the fourth time the appellant has filed a discrimination suit arising out of the same transaction, the district court set up an elaborate procedure to screen out any such repetitive filings instituted by the appellant. We likewise AFFIRM the district court's decision to protect itself against future frivolous filings by the appellant. See Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir.1989).
 
 
 4
 Finally, the appellant claims that the district court erred in dismissing the instant complaint before the United States filed an answer. This claim is entirely without merit. The district court is entitled to dismiss a complaint as being frivolous on its own motion. See McKinney v. State of Oklahoma, Dep't. of Human Services, 925 F.2d 363, 365 (10th Cir.1991). Therefore, there is no requirement that the defendant file a brief in its defense.
 
 
 5
 In all respects, the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 According to the record, the plaintiff never appealed the district court's decision to dismiss his claim on res judicata grounds in the second suit he filed following the initial dismissal on exhaustion grounds
 
 
 [2]
 Appellant asserts that he has not previously raised a claim of discrimination based upon the April 2, 1986 employment opportunity opening for Claims Examiner. In this regard appellant is mistaken. That claim was raised in Count I of appellant's case of Schroeder v. Doe, et al., No. 89-F-2138 (D.Colo. Dec. 13, 1989, aff'd. No. 90-1004 (10th Cir., June 15, 1990)), and was rejected