951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David A. WHITE, Plaintiff-Appellant,
v.
Fredrick ARNOLD, The Board of Regents of the University of
Oklahoma, Defendant-Appellee.
 No. 91-6114.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is an appeal from an order by the district court denying the Plaintiff's motion to vacate a prior dismissal, denying the Plaintiff leave to file an amended complaint, and striking a complaint that was erroneously filed without leave.
 
 
 2
 The Plaintiff's original complaint ("original complaint") sought relief under 42 U.S.C. § 1983 and pendant state contract law. That complaint alleged that the Defendant, a professor, promised to give all of the students in his class A's but gave the Plaintiff a lower grade; and that a University Dean "wrongfully steered [the Plaintiff] away from his right to a hearing" on the propriety of the grade.
 
 
 3
 On August 9, 1990, after the Defendant filed his answer, the district court dismissed the action sua sponte for failure to state a claim. The Plaintiff then attempted to file an amended complaint ("amended complaint"), which the clerk of the court erroneously accepted. When neither the court nor the Defendant responded to the amended complaint, the Plaintiff moved to vacate the August 9, 1990 dismissal and for leave to file an additional amended complaint ("additional amended complaint"). On February 18, 1991, the district court denied these motions and struck the erroneously filed amended complaint. The Plaintiff now appeals the February 18, 1991 order.
 
 
 4
 On appeal the Plaintiff raises three arguments: First, he argues that he had a right to file his amended complaint under Federal Rule of Civil Procedure 15(a). Second, he argues that leave to amend should have been granted because the August 9, 1990 order was essentially a dismissal without prejudice and that he would normally be allowed to refile following such an order. Third, he argues that the August 9, 1990 dismissal was wrong on the merits. We disagree with the Plaintiff's first two arguments and are precluded from addressing his third argument as it was not appealed in a timely fashion.
 
 I.
 
 5
 The Plaintiff first argues that he had a right to file his amended complaint under Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." The Plaintiff claims that he never received the Defendant's answer to his complaint and, therefore, that no responsive pleading was served. This reasoning, however, is flawed. The Defendant's answer, which was filed with the court on July 2, 1990, contains a certificate of mailing dated the same day. Rule 5(b) states that "[s]ervice by mail is complete upon mailing." Hence, there can be no doubt that a responsive pleading was served prior to the date on which the Plaintiff filed his amended complaint. Thus, the Plaintiff had no right under Rule 15(a) to file his amended complaint.
 
 II.
 
 6
 The Plaintiff next argues--or at least implies--that because the court's August 9, 1990 dismissal did not include any statement to the contrary, he believes that the dismissal was without prejudice, thereby allowing him to refile. Essentially, he suggests that we treat his amended complaint as a new complaint, rewritten in an attempt to cure the deficiencies pointed out by the dismissal.[1] The problem with this analysis is that Rule 41(b) clearly states that "[u]nless the court in its order for dismissal states otherwise, ... any dismissal not provided for in [Rule 41(a) ] ... operates as an adjudication on the merits.[2] Hence, we cannot view the August 9, 1990 dismissal as one without prejudice so as to allow refiling.
 
 III.
 
 7
 Lastly, the Plaintiff argues that the August 9, 1990 dismissal for failure to state a claim was wrong on the merits. The merits of that order, however, are not properly before us. The August 9, 1990 order was a final judgement; as stated above Rule 41(b) makes it clear that it was the equivalent of an adjudication on the merits. Hence, the Plaintiff had thirty days to file an appeal under Federal Rule of Appellate Procedure 4(a). Yet no such appeal was filed. Even if we read the Plaintiff's current appeal as an appeal from the August 9, 1990 order, such appeal would not be timely.[3] Thus, we cannot consider the merits of that order.
 
 CONCLUSION
 
 8
 Accordingly, we AFFIRM the February 18, 1991 order.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 According to the Plaintiff's IFP petition, he was admitted to the Texas bar on May 14, 1990--two weeks prior to the date on which he filed his original complaint. Thus, whether we should afford his pleadings the liberal reading afforded to pro se pleadings is questionable
 
 
 [2]
 The August 9, 1990 dismissal appears to be a dismissal pursuant to Rule 12(b)(6), and hence falls in the category of dismissals "not provided for in this rule." The August 9, 1990 dismissal appears to be a Rule 12(b)(6) motion, as it was for failure to state a claim. In this circuit, a judge may dismiss an action pursuant to 12(b)(6) sua sponte without notice or the opportunity to amend when "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged...." McKinney v. State of Okla. Dept. of Human Services, 925 F.2d 363, 365 (10th Cir.1991) (citing Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 726 (D.C.Cir.1990) (per curiam)). Whether it was patently obvious that the Plaintiff could not prevail on the facts alleged is no longer reviewable by us. See infra Part III
 
 
 [3]
 The appeals period cannot have been tolled by the Plaintiff's motion to vacate, as that was a Rule 60(b)(6) motion. A Rule 60 motion does not toll the appeals time like a Rule 59 motion does under Federal Rule of Appellate Procedure 4(a)(4). Further, we cannot read the Plaintiff's Rule 60 motion as a Rule 59 motion regarding the August 9, 1990 order, as the motion was filed on January 14, 1991, long after the ten-day deadline for filing Rule 59 motions had elapsed