F I L E D
United States Court of Appeals
Tenth Circuit

OCT 7 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

CURTIS D. HORNE,

      Plaintiff - Appellant,

v.

G. L. HERSHBERGER, ADX Warden;
DR. C.A. STRATMAN, Clinical
Director; B. JETT, Medical
Administrator,

      Defendants - Appellees.

No. 97-1173
(D.C. No. 97-D-72)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

Curtis D. Horne, a federal prisoner, appeals the district court's denial of his pro se civil rights complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Mr. Horne alleged that defendants violated the Eight Amendment to

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the United States Constitution by being "deliberately indifferent" to the "serious medical need" posed by his hemorrhoids. See Estelle v. Gamble, 429 U.S. 97, 104-06.

The district court denied Mr. Horne the relief he sought. Judge Daniel found that appellant was proceeding in forma pauperis, then dismissed Mr. Horne's complaint sua sponte under the amended federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2)(B), as legally frivolous and for failing to state a claim upon which relief might be granted.

Reviewing the materials submitted by Mr. Horne, we are convinced that for the reasons it stated, the district court was correct to find his claim frivolous and legally insufficient. But the district court appears to have erred in finding that appellant was proceeding in forma pauperis. The record before us indicates that Mr. Horne paid the full filing fee on 31 January, 1997. Thus, the district court erred in relying on 28 U.S.C. § 1915 to dismiss the appellant's action. However, this administrative error is of no consequence. We may affirm the district court on any grounds supported by the record. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994). A district court may dismiss a claim sua sponte when, as here, "it is patently obvious that the plaintiff could not prevail on the facts alleged." McKinney v. Oklahoma Dept. of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (internal quotation and citation omitted). For the reasons

stated by the district court, the allegations contained in Mr. Horne's complaint are entirely insufficient to support his claim.

**AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge