**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN MICHAEL RICKS,

Plaintiff - Appellant,

v.

(NFN) MACKEY, Lt. Col., Director of
Treatment Programs, USDB Ft.
Leavenworth,

Defendant - Appellee.

No. 97-3181

D. Kansas

(D.C. No. 96-CV-3525)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

John M. Ricks, a federal prisoner at the United States Disciplinary Barracks in Fort Leavenworth, Kansas, filed a <u>Bivens</u> civil rights action[1] against the Director of Treatment Programs at the facility, alleging that he was "being subjected to systemic harrassment" [sic] through quarterly interviews under the direction of Defendant and that the actions of treatment personnel constituted cruel and unusual punishment in violation of the Eighth Amendment. R. Vol. I, Tab 2 at 3. In support of this claim, Ricks alleged only that in these interviews, treatment personnel "badgered" him and attempted to "entice [him] into retracting his steadfastly maintained pleas of not guilty from his trial."[2] <u>Id.</u>

Ricks simultaneously filed an application to proceed in forma pauperis (IFP), which the district court granted, assessing him an initial partial filing fee of $1.00. R. Vol. I, Tab 6. Ricks eventually paid a full filing fee in two installments of $5.00 and $115.00 respectively.[3] After Ricks had paid the filing fee but before service of summons on Defendant, the district court found that

---

[1]<u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

[2]On appeal, Ricks further elaborates that as a result of these interviews, he becomes "hostile, aggressive, and near the breaking point resulting in a total abandonment of his pacifist nature." Appellant's Br. at 8. Although Ricks has advised treatment personnel that he does not wish to participate in the interviews, he has been informed that "regulations require quarterly contact." R. Vol. I, Tab 10 at 1.

[3]When Ricks filed his complaint in November 1996, $120.00 constituted a full filing fee. It was not until December 18, 1996, that the filing fee for federal district court was increased to $150.00.

Ricks' complaint failed to state a claim for which relief may be granted and dismissed the matter sua sponte. Ricks filed a timely notice of appeal, and was granted provisional leave to proceed in forma pauperis on appeal.

Ricks alleges on appeal that the district court erred by dismissing his civil rights action sua sponte because when he paid the full filing fee, his "IFP status was effectively abolished and . . . the case should have been treated as a non-IFP complaint." Appellant's Br. at 4. He also contends that the district court erred in dismissing his complaint before service of process could be made and without affording him notice of deficiencies and an opportunity to amend his complaint. Id. at 4-5. Finally, Ricks argues that when it applied Farmer v. Brennan, 511 U.S. 825 (1994), the district court applied the wrong standard in determining that his factual assertions failed to state a claim upon which relief could be granted. Id. at 6-8.

A dismissal for failure to state a claim is subject to de novo review. Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996) (referring to Fed. R. Civ. P. 12(b)(6)); see McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) (referring to 28 U.S.C. §§ 1915(e)(2) & 1915A).

Although it is unclear whether the district court based its dismissal of Ricks' complaint on Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2), or 28 U.S.C. § 1915A, the district court properly dismissed Ricks' complaint sua sponte

regardless of the basis invoked.  See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (stating that we are free to affirm a district court decision on any grounds supported by the record).

Ricks' arguments regarding his fee status, the lack of service of process, and the lack of opportunity to amend his complaint are unpersuasive. Section 1915(e)(2) specifically mandates that if a case is frivolous, fails to state a claim, or is pursued against an immune party, the court shall dismiss it "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid."  Also, § 1915A requires the court to review, "before docketing, if feasible or . . . as soon as practicable after docketing," all complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See also McGore, 114 F.3d at 604-05, 612 (stating that sua sponte screening pursuant to § 1915(e)(2) or § 1915A must occur "before service of process is made on the opposing parties" and that "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal"). And under Rule 12(b)(6), a district court may always dismiss a claim sua sponte where, as here, "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. Oklahoma Dept. of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (quotations and citations omitted).

Finally, the district court appropriately applied <u>Farmer v. Brennan</u> in analyzing Ricks' Eighth Amendment claim. <u>See</u> R. Vol. I, Tab 10 at 2. In <u>Farmer</u>, 511 U.S. 825 (1994), the Supreme Court addressed a prisoner's <u>Bivens</u> claim based on the Eighth Amendment and held that to succeed on an Eighth Amendment claim, a plaintiff must show first, that the alleged deprivation was sufficiently serious, denying "'the minimal civilized measure of life's necessities,'" <u>id.</u> at 834, and second, that the responsible official acted with "deliberate indifference" to inmate health or safety. <u>Id.</u>; <u>see also</u> <u>Hunt v. Downing</u>, 112 F.3d 452, 453 (10th Cir. 1997); <u>Grimsley v. MacKay</u>, 93 F.3d 676, 680-81 (10th Cir. 1996); <u>Adkins v. Rodriguez</u>, 59 F.3d 1034, 1037 (10th Cir. 1995).

We agree with the district court that the <u>Farmer</u> standard was not satisfied.[4] Furthermore, Ricks does not state what facts he would allege to further support his claims had the district court allowed him the opportunity to amend his complaint, and the factual allegations he does make are vague and conclusory.

---

[4]In addition to arguing that the interviews are "highly detrimental to his well-being," Appellant's Br. at 8, Ricks argues that he should be advised of his rights and given legal counsel at each interview. <u>Id.</u> This argument is unpersuasive.

And although Ricks does not frame his arguments in due process terms, we note also that the interviewing procedure employed at the facility does not impose an atypical or a significant hardship on Ricks in relation to the ordinary incidents of prison life. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995).

See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that a pro se litigant must allege sufficient facts to support claims). Accepting "all the well-pleaded allegations of the complaint as true," Gagan v. Norton, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994) (quotation omitted), and construing Ricks' pro se pleadings liberally as we are required to do, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we are satisfied that it is "patently obvious" that Ricks could not possibly obtain relief under the facts alleged.

We conclude that this appeal fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) for purposes of counting prior occasions under § 1915(g). Because a complaint dismissed for failure to state a claim followed by an appeal that fails to state a claim count as two prior occasions under § 1915(g), two "strikes" are recorded against Ricks. We DENY Ricks' request to be excused from all appellate filing fees.

DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge