F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUL 15 1999**

**PATRICK FISHER
Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEONARD J. PELTIER,

      Plaintiff - Appellant,

vs.

FEDERAL BUREAU OF PRISONS,
agents, employees, servants and
physician contractors of the Bureau;
J.W. BOOKER, JR., USP -
Leavenworth,

      Defendants - Appellees.

No. 98-3319
(D.C. No. 98-CV-3272)
(D.Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    Mr. Peltier, a federal prisoner who appeared pro se in the district court but

is now represented by counsel, brought this action under 42 U.S.C. § 1983

alleging that Defendants Federal Bureau of Prisons, Warden J.W. Booker, Jr., and

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

other prison officials denied him adequate medical care and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. After Mr. Peltier had paid the filing fee, but before service of summons on Defendants, the district court dismissed the matter sua sponte, holding that Mr. Peltier's complaint failed to state a claim for relief.

Mr. Peltier argues on appeal that the district court erred in dismissing his complaint before service of process could be made and without affording him an opportunity to amend his complaint and/or present evidence on his claims. We review de novo a district court's order dismissing a prisoner's case for failure to state a claim pursuant to 28 U.S.C. § 1915A. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); see also Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999) (establishing the de novo standard of review for a dismissal under 28 U.S.C. S 1915(e)(2)(B)(ii) for failure to state a claim).

Although it is unclear whether the district court based its dismissal of Mr. Peltier's complaint on Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2)(B)(ii), or 28 U.S.C. § 1915A(b)(1), the district court properly dismissed the complaint sua sponte regardless of the basis invoked. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (appellate court is free to affirm a district court decision on any grounds supported by the record).

Section 1915A(a) requires the court to "review, before docketing . . . or . . .

as soon as practicable after docketing" all civil complaints "in which a prisoner seeks redress from a governmental entity of officer or employee of a governmental entity." The court then must dismiss the complaint if it "fails to state a claim upon which relief may be granted." § 1915A(b)(1); see also Wrigglesworth, 114 F.3d at 612 (stating that, under § 1915A, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal"). Further, a district court may always dismiss a claim sua sponte under Rule 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (internal quotation marks and citations omitted). Thus, if Mr. Peltier's complaint failed to state a claim, the district court did not err in dismissing it sua sponte.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. See Estelle v. Gamble, 429 U.S. 97, 104-106 (1976). In his complaint, Mr. Peltier alleged that as a result of a negligently performed surgery at the Medical Center for Federal Prisoners in Springfield, Missouri, he "has suffered great physical pain and anguish from constant jaw pain, headaches, facial pain, difficulty chewing and swallowing food . . . and has had [a] disfiguring injury." R. doc. 1 at 3.

Further, although Defendants have offered additional surgery in Springfield, they have refused to permit treatment at the Mayo Clinic in Rochester, Minnesota, as requested by Mr. Peltier.  See id.

Accepting these allegations as true, see Gagan v. Norton, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994), and construing Mr. Peltier's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we are satisfied that Mr. Peltier could not possibly obtain relief under the facts alleged.  At most, he states a claim for medical malpractice.  "[A] complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Further, the question of where Mr. Peltier's follow-up surgery should take place is "a matter for medical judgment," id. at 107, and a decision not to allow treatment at the Mayo Clinic does not represent cruel and unusual punishment.  Mr. Peltier has failed to state a claim for relief under the Eighth Amendment.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -