**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLEN WOLFSON,

   Petitioner-Appellant,

  v.

GINO CARLUCCI, UNITED STATES
OF AMERICA, SALT LAKE
COUNTY, MICHAEL HIRATA, and
STATE OF UTAH,

   Respondents-Appellees.

No. 07-4114

(D. o f Utah)

(D.C. No. 2:06-CV-960-PGC)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Allen Wolfson appeals the district court's *sua sponte* dismissal of his

claims brought under 42 U.S.C. § 1985. Wolfson alleges the United States, the

State of Utah, U.S. Attorney Mike Hirata, and Salt Lake County all conspired

with Gino Carlucci to cover up Carlucci's theft of equipment from Wolfson's

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

property in return for Carlucci testifying against Wolfson and his son in court. Wolfson contends the different levels of government worked together to drop charges against Carlucci in return for his testimony. We AFFIRM the district court's *sua sponte* dismissal.

Wolfson proceeded *in forma pauperis* below and is subject to the strictures of 28 U.S.C. § 1915. The legal standard for dismissal under § 1915(e)(2)(B)(i) differs from that of a dismissal under Fed. R. Civ. P. 12(b)(6).[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *see also McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991). Section 1915(e)(2)(B)(i) requires a court to dismiss an *in forma pauperis* action if it is "frivolous or malicious." Under this provision, district court judges may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . .[i.e.] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."[2] *Neitzke*, 490 U.S. at 327–28.

---

[1] We recognize, however, that the language of § 1915(e)(2)(B)(ii) regarding the failure to state a legal claim tracks with Fed. R. Civ. P. 12(b)(6) such that review of dismissals under those two provisions should be the same. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Hence, our review for dismissal based on § 1915(e)(2)(B)(ii) is "for plausibility in the complaint." *Alvarado v. KOB-TV*, __F.3d__ No. 06-2001, 2007 WL 2019752, *3 (10th Cir. July 13, 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1970 (2007)).

[2] Section 1915(e)(2)(B)(i) was 1915(d) at the time of the *McKinney* decision discussed here. The old 1915(d) became part of 1915(e) in 1996.

Section 1915(e)(2)(B)(iii) also allows for dismissal of suits against defendants who are immune to such suits.

The district court *sua sponte* dismissed Wolfson's claims on several grounds. First, it correctly found prosecutorial immunity for Hirata and sovereign immunity for the State of Utah. Second, it noted that the dismissal of criminal charges against Carlucci did not amount to a claim under § 1985. Third, it found that Wolfson had failed to plead any facts that would give the court jurisdiction over Carlucci under 28 U.S.C. § 1332 or any other jurisdictional statute. Finally, with its citation to *McKinney*, the district court found that Wolfson's allegations were sufficiently fanciful that they warranted dismissal as frivolous or malicious.

We agree with the district court's analysis and AFFIRM the dismissal of Wolfson's claims. We deny his motion to proceed *in forma pauperis* on appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge