**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN PAUL THOMAS,

       Plaintiff–Appellant,

v.

DOÑA ANA COUNTY DISTRICT
ATTORNEY; DOÑA ANA COUNTY
ASSISTANT DISTRICT ATTORNEY
MICHELLE E. PICKETT; STATE
PUBLIC DEFENDER JOHN BIGELOW;
A DONA ANA COUNTY ASSISTANT
PUBLIC DEFENDER,

       Defendants–Appellees.

No. 09-2108
(D.C. No. 2:09-CV-00293-RB-WPL)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

John Paul Thomas, a New Mexico state prisoner proceeding pro se,[1] appeals the

---

    * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

district court's dismissal of his 42 U.S.C. § 1983 claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the decision of the district court.

## I

Thomas sued Doña Ana County District Attorney Susana Martinez, Doña Ana County Assistant District Attorney Michelle E. Pickett, New Mexico Public Defender John Bigelow, and an unnamed Doña Ana County assistant public defender, alleging that the defendants made false statements to Thomas' criminal co-defendant in the course of negotiating a plea bargain. The defendants removed the case to the United States District Court for the District of New Mexico. The district court interpreted Thomas' allegations that his due process rights were violated and that his "safety and character" were placed in jeopardy as allegations his rights under the Eighth and Fourteenth Amendments were violated. The court also determined that 42 U.S.C. § 1983 generated a cause of action under which he could bring claims for violation of these rights by state officials.

Screening Thomas' complaint as required by 28 U.S.C. § 1915A, the district court sua sponte dismissed the claims for failure to state a claim upon which relief may be granted under § 1915A and Fed. R. Civ. P. 12(b)(6). It concluded that Thomas had failed to state a claim against the public defender defendants because public defenders do not act under color of state law as required for § 1983 claims. In addition, the district court determined that Thomas failed to state a claim against the district attorney defendants

---

[1] Because Thomas proceeds pro se, we construe his complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

because they were entitled to prosecutorial immunity. After dismissing all claims over which it had original jurisdiction, the district court declined to exercise supplemental jurisdiction over Thomas' state law claims and remanded them to state court. This appeal ensued.

## II

Thomas raises two arguments on appeal. First, he contends that a district court is barred from dismissing a complaint pursuant to 28 U.S.C. § 1915A when the plaintiff does not proceed in forma pauperis ("IFP"). This assertion is incorrect. Section 1915A states:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and shall] dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

The text of § 1915A does not restrict the district court's ability to dismiss a claim brought by a prisoner to only those cases in which a prisoner proceeds IFP.

Thomas next contends that the district court erred when it dismissed Thomas' complaint under Rule 12(b)(6). We have held that "sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. Okla. Dep't of Human Servs, 925 F.2d 363, 365 (10th Cir. 1991) (citations and italicization omitted).

- 3 -

In this case, it is "patently obvious" that Thomas could not prevail on the facts alleged in his complaint. First, as the district court noted, a plaintiff claiming a violation of § 1983 must allege facts demonstrating that the defendant acted under color of state law. See Maestas v. Lujan, 351 F.3d 1001, 1012 n.1 (10th Cir. 2003). Two of the defendants in this case are public defenders. Thomas sued one in his role as defense counsel, and we assume Thomas sued the other in a supervisory capacity. The Supreme Court has determined that a public defender, even if responsible for a deprivation of a defendant's constitutional rights, "does not himself act under color of state law within the meaning of § 1983." Briscoe v. LaHue, 460 U.S. 325, 330 n.6 (1983). Thus neither the Doña Ana County assistant public defender nor Bigelow may be held liable under § 1983. It is therefore "patently obvious" that Thomas could not prevail against these two defendants.

Second, it is also "patently obvious" that Thomas' claims against the remaining defendants must fail. Thomas' claim against Pickett and Martinez arise from Pickett's offering Thomas' co-defendant a plea bargain. The Supreme Court has held that, "in initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Negotiating a plea bargain is included in these activities, and therefore the claims against Pickett and Martinez must fail.

**III**

For the foregoing reasons, we **AFFIRM** the dismissal of Thomas' § 1983 claims

and the remand of the state law claims to the state court.  All motions pending before the court are **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge