**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARLOS L. DIAZ,

     Plaintiff - Appellant,

v.

THE UNITED STATES ATTORNEY
GENERAL U.S. ATTORNEY GEN:
MS. LORETTA LYNCH; CHIEF
JUDGE: MS. M. CHRISTINA
ARMIJO: JUDGE KENNETH JOHN
GONZALES: INDIVIDUAL
CAPACITY JUDGE: STEPHEN C.
YARBROUGH: INDIVIDUAL
CAPACITY MS. LORETTA LYNCH:
INDIVIDUAL CAPACITY AS THE
U.S. ATTORNEY GENERAL: M.
CHRISTINA ARMIJO; INDIVIDUAL
CAPACITY AS CHIEF JUDGE FOR
THE DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO,

     Defendants - Appellees.

No. 16-2174
(D.C. No. 1:16-CV-00484-DLR)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

Plaintiff-Appellant Carlos L. Diaz, appearing pro se, appeals from the district court's dismissal of his complaint against the United States Attorney General, two federal district court judges, and a federal magistrate judge. Mr. Diaz brought claims against these officials for "deliberately [v]ictimiz[ing]" him by not applying the laws of the United States to his complaints in a separate case and for violating his rights to due process of law and equal protection. R. 5. Acting sua sponte, the district court dismissed Mr. Diaz's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). It then denied Mr. Diaz's motion to reconsider and his motion for the court's recusal; construed Mr. Diaz's request for a final order as a notice of appeal; and denied Mr. Diaz's second demand for a final order and his motion for an extension of time to amend his complaint. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

We review de novo the district court's dismissal under Rule 12(b)(6). Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). A sua sponte dismissal is allowed when it is "patently obvious" that the plaintiff could not prevail on the facts alleged and that allowing him an opportunity to amend his complaint would be futile. McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991).

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

To survive dismissal, a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is plausible if there are sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. That is, the factual allegations must be enough to raise a right to relief "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Mr. Diaz brought claims against three judges: Chief Judge Armijo, Judge Gonzales, and Magistrate Judge Yarbrough. Specifically, Mr. Diaz complains of unfavorable rulings by Judges Gonzales and Yarbrough in another of Mr. Diaz's cases, and of Chief Judge Armijo's refusal to correct those decisions. R. 5–17. Because the claims against all three judges are for actions taken as part of their official judicial duties, the claims were properly dismissed under the doctrine of absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9–10 (1991).

Mr. Diaz's claim against Attorney General Loretta Lynch is likewise unavailing. That claim is generally a request for assistance by the Attorney General in her official capacity to aid Mr. Diaz in his claim against the judges. In any event, he has not identified any basis for the United States to waive its sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge