FILED
United States Court of Appeals
Tenth Circuit

August 11, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RUTH NORTEY,

    Plaintiff - Appellant,

v.

ST. JOHN MEDICAL CENTER,
INC.; ASCENSION ST. JOHN d/b/a
St. John Health System, Inc.,

    Defendants - Appellees.

No. 21-5084
(D.C. No. 4:19-CV-00523-TCK-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

This case arises from St. John Medical Center's termination of Ms.

Ruth Nortey's employment. Ms. Nortey sued, claiming discrimination,

retaliation, harassment, and failure to accommodate disabilities. The

district court granted summary judgment to St. John on all of the claims.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

On appeal, Ms. Nortey doesn't challenge the district court's reasoning. Ms. Nortey instead argues that (1) the district judge was biased and (2) St. John's counsel acted improperly by deposing Ms. Nortey while her cognition may have been impaired. We liberally construe these arguments because Ms. Nortey is pro se. *E.g.*, *McKinney v. Okla., Dep't of Hum. Servs., Shawnee*, 925 F.2d 363, 365 (10th Cir. 1991). Even though she's pro se, we cannot make arguments for her or overstep our role as a neutral arbiter. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In this role, we must affirm.

Ms. Nortey's arguments bear two distinct problems: (1) She did not present any of these arguments in district court, and (2) these arguments would not support reversal.

We generally consider arguments for reversal only if they were presented in district court. *Ohlsen v. United States*, 998 F.3d 1143, 1163 n.11 (10th Cir. 2021). This requirement exists because we must review what the district court did. *See Chegup v. Ute Indian Tribe of Uintah & Oura Rsrv.*, 28 F.4th 1051, 1070 (10th Cir. 2022) (stating that "we should permit 'the district court . . . to pass judgment on the matter first because we are a court of review, not first view'" (quoting *CGC Holding Co. v. Hutchens*, 974 F.3d 1201, 1216 (10th Cir. 2020))). If the district court didn't have a chance to rule on an argument, we can't fulfill our role as a court of review.

2

We can't fulfill that role here because Ms. Nortey didn't present the district court with any of the arguments that she's making to us. When an appellant raises arguments for the first time on appeal, we can review those arguments for plain errors. *Dodoo v. Seagate Tech. Inc.*, 235 F.3d 522, 529 (10th Cir. 2000). But we consider the possibility of a plain error only if the appellant asks us to review the arguments for plain error. *E.g.*, *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259–60 (10th Cir. 2018).

Ms. Nortey didn't ask us to review her arguments for plain error, so we wouldn't ordinarily consider them. Though Ms. Nortey is pro se, we must apply procedural rules equally to all parties (even when they're pro se). *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

Even if Ms. Nortey had presented her arguments in district court, we'd have little basis to reverse the rulings based on the bias of the district judge or misconduct by St. John's counsel.

Ms. Nortey challenges the district judge's neutrality, saying that (1) he created a scholarship fund for doctors and served on the Oklahoma Medical Research Board and (2) this action demonstrated a "blatant affiliation" and "probability of collusion" with St. John. Appellant's Opening Br. at 2. Judges must recuse when their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). But we don't see how anyone could reasonably question the district judge's impartiality in Ms.

Nortey's case based on his creation of a scholarship fund or past service on a medical board.

We generally assume that judges act with "honesty and integrity". *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). We see no basis to reject that assumption here based on the district judge's civic involvement.

Ms. Nortey also criticizes St. John's counsel, alleging that they deposed her even after learning that she was on medication that may have affected her cognitive abilities. But Ms. Nortey doesn't cite anything in the record about her medication, its potential impact on cognition, or counsel's awareness of Ms. Nortey's medication or its potential impact on cognition.

We generally don't scour the record to find evidence that isn't cited. *Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009). Here, though, we have done so and see no evidence that Ms. Nortey had taken a new medication before her deposition, that the medication could have affected her cognition, or that St. John's counsel was aware of the possible effect on cognition.

\* \* \*

In conclusion, we see no legal basis for us to reverse the district court's ruling. Though Ms. Nortey is pro se, we must apply the rules equally to all parties.

Ms. Nortey questions the district judge's impartiality, but she didn't raise the issue with the judge and the allegations wouldn't have required

4

recusal. Nor can we reverse based on Ms. Nortey's criticism of St. John's counsel. Ms. Nortey didn't raise that criticism in district court, and we couldn't reverse based on counsel's alleged conduct. We therefore affirm the grant of summary judgment.

Entered for the Court


Robert E. Bacharach
Circuit Judge