**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN VAL BAILEY,

        Plaintiff-Appellant,

v.

BOB SHOBER, Sergeant; SOUTH
JORDAN POLICE OFFICER
LIVINGSTON; BUCK'S CAR
CLINIC; RUSSELL YOUNG;
OTHERS UNKNOWN,

        Defendants-Appellees.

No. 96-4107
(D.C. No. 96-CV-292)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

After examining appellant's brief and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Steven Val Bailey brought this action under 42 U.S.C. § 1983 alleging a variety of claims against defendants. The magistrate judge recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915 because it was vague, conclusory and fanciful, provided insufficient detail to support any claim of a constitutional violation, failed to show how defendants acted under color of state law, and provided no indication that he successfully challenged in state court the allegedly unconstitutional conviction and imprisonment on which some of his claims were based. The magistrate judge also recommended that if plaintiff wanted to file an amended complaint correcting the noted deficiencies, he was to do so within twenty days of the date of the district court's order on the matter. The district court subsequently adopted the magistrate judge's recommendations and dismissed the complaint. Plaintiff filed a notice of appeal, but did not file an amended complaint.

Construing plaintiff's pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we agree with the district court's assessment of plaintiff's complaint. Because plaintiff was not proceeding in forma pauperis in the district court, the district court's dismissal under § 1915 was incorrect. However, a complaint may also be dismissed sua sponte on similar

-2-

bases under Fed. R. Civ. P. 12(b)(6).  See Hall, 935 F.2d at 1109-10.  The district court gave plaintiff an opportunity to amend his complaint to correct the noted deficiencies, but plaintiff did not take it.  See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997) (holding that district court may dismiss sua sponte pro se complaint under Rule 12(b)(6) only when "patently obvious that the plaintiff  could not prevail on the facts alleged, and allowing [him] an opportunity to  amend [his] complaint would be futile") (internal quotation omitted).  We therefore conclude that dismissal of plaintiff's complaint was appropriate.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge