**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN TERRY BURRIDGE,

     Plaintiff-Appellant,

v.

SALT LAKE COUNTY SHERIFF'S
OFFICE; ARAMARK;
HOLLENBACH, Deputy Sheriff;
CAPTAIN PAUL CUNNINGHAM;
ROBERT FORINGER,

     DefendantS-Appellees.

No. 99-4045
(D.C. No. 98-CV-379-K)
(Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

John Terry Burridge, a pro se prisoner, brought an action under 42 U.S.C. § 1983. The district court adopted the recommendation of the magistrate judge and *sua sponte* dismissed the action with prejudice under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. Mr. Burridge appeals and we reverse.

Mr. Burridge contends that since his suit was not filed *in forma pauperis*, the district court erred in dismissing his claim as frivolous pursuant to section 1915. Because section 1915(e)(2) only "authorizes dismissal 'at any time' of *in forma pauperis* suits that are 'frivolous or malicious,'" *Crawford-El v. Britton*, 118 S. Ct. 1584, 1598 (1998) (emphasis added), we agree the district court applied the wrong standard to Mr. Burridge, who paid the filing fee and never filed for *in forma pauperis* status. *See Bailey v. Shober*, 1998 WL 174868, 145 F.3d 1345 (10th Cir. 1998) (unpublished) ("Because plaintiff was not proceeding *in forma pauperis* in the district court, the district court's dismissal under § 1915 was incorrect.").

We recognize that apart from *in forma pauperis* suits, a district court may also *sua sponte* dismiss a pro se complaint under Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citation omitted); *see also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). Despite

the availability of *sua sponte* dismissal, "the preferred practice is to accord a plaintiff notice and an opportunity to amend." *Mckinney v. State of Okla.*, 925 F.2d 363, 365 (10th Cir. 1991). In a typical situation, "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Id.* (quoting *Nietzke v. Williams*, 490 U.S. 319, 329 (1989)). A dismissal on the pleadings is appropriate only after the court has taken the complaint's allegations as true and construed all reasonable inferences in favor of the pleader. *See Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir.1998).

While a court should not assume the role of the plaintiff's advocate, we have held that "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110 (citations omitted). Thus, if the court can reasonably read the pleadings to state a valid claim, it should do so despite a host of short comings. *See id.*

Turning to the complaint before us, and taking the allegations as true and construed favorably to Mr. Burridge, it is not patently obvious to us that all of Mr. Burridge's claims would have failed on the alleged facts, nor that an

amendment would be futile.[1] We are persuaded that Mr. Burridge's pleadings survive the rigorous "patently obvious" standard of a *sua sponte* Rule 12(b)(6) motion to dismiss. As such, Mr. Burridge should be afforded the procedural opportunities that all other qualifying plaintiffs have to amend their complaints.

We **REVERSE** and **REMAND** for further proceedings consistent with this opinion.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[1] For example, the magistrate judge in his Report and Recommendation pointed out that a prisoner does not have the right to a full law library, noting that the constitutional right can be satisfied by the provision of contract attorneys. *See Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). In his objections to the magistrage judge's report, Mr. Burridge specifically asserted that the jail provided neither library nor legal assistance. Plaintiff's Objections at 5. He is entitled to amend his complaint to so allege.