958 F.2d 381
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert H. KETCHUM, also known as John Q. Shangreaux, also
known as Rev. Guy Simpson, Plaintiff-Appellant,
v.
ALBUQUERQUE POLICE DEPARTMENT; Bernalillo County Detention
Center; Roswell Police Department; Tucumcari
Police Department; Defendants-Appellees.
 No. 91-2200.
 United States Court of Appeals, Tenth Circuit.
 March 12, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert H. Ketchum (Ketchum) appeals from an order of the district court granting in part and denying in part his motion to amend, dismissing his 42 U.S.C. § 1983 claim with prejudice, and dismissing his 42 U.S.C. § 1985 claim without prejudice.
 
 
 3
 On February 9, 1990, and September 20, 1990, Ketchum, appearing pro se, submitted two civil rights complaints against the Albuquerque Police Department (APD), the Bernalillo County Detention Center (BCDC), the Roswell Police Department (RPD), and the Tucumcari Police Department (TPD), hereinafter collectively referred to as appellees. Ketchum's two actions were apparently consolidated and filed in the district court on January 11, 1991. Our record fails to explain the unusually long delay between the dates on Ketchum's complaints and the district court's filing date.
 
 
 4
 Within his complaints, Ketchum alleged that: he had been falsely arrested on six different occasions in three different cities; his broken hand was untreated; he was shackled to a wall naked in a choke hold; he was falsely arrested for disorderly conduct; he was hog-tied with chains; he was isolated in a rubber room and chained to a wall naked; and he was slapped around by a black officer named Wren. Ketchum also alleged that his mail was arbitrarily suppressed and that he was denied medical treatment.
 
 
 5
 Appellees BCDC, RPD, and TPD, filed their answers on March 26, 1991. They denied that: Ketchum was falsely arrested; Ketchum was abused in the jails; Ketchum's mail was censored; Ketchum was irreparably harmed; Ketchum was denied medical treatment. Appellees alleged that Ketchum's arrests were based on probable cause and that Ketchum's complaint should be dismissed because the doctrine of respondeat superior is inapplicable under §§ 1983 and 1985.
 
 
 6
 Appellee APD filed its answer on March 28, 1991, and alleged that: all of its actions were in good faith; it did not breach any duty owed to Ketchum; Ketchum's complaint should be dismissed for failure to state a claim upon which relief can be granted.
 
 
 7
 On April 3, 1991, Ketchum filed an opposition to defendants' answers in which he alleged that: there was a conspiracy to deprive him of his rights; he was repeatedly and wrongfully charged with offenses and falsely jailed; the defendants have or had a policy which discriminated against the transients, homeless, and hobos; the policy was enforced by local police agencies in New Mexico and resulted in the violation of his right; he was entitled to declaratory and injunctive relief because he was falsely arrested five times in less than six months.
 
 
 8
 On April 29, 1991, Ketchum filed a motion to amend in which he named as defendants the City of Albuquerque, the County of Bernalillo, John Doe Albuquerque Police Officers one through four, the director of the BCDC, Officer Wren, BCDC Corrections Officers John Doe one through six, the cities of Roswell and Tucumcari, the counties of Chavez and Quay, and John Doe Tucumcari and Roswell police officers. Within his motion to amend, Ketchum alleged that the defendants had: conspired to deprive him of his constitutional rights; falsely arrested him six times; failed to grant him access to courts; gagged and shackled him without due process; denied him medical care; falsely detained him for about 42 days; and "wilfully acted with bad faith and with deliberate, intentional, and nefarious disregard to plaintiff's rights."
 
 
 9
 On May 14, 1992, appellees BCDC, RPD, and TPD responded that Ketchum's motion to amend should be denied for failure to attach a copy of the proposed amended pleading.
 
 
 10
 On May 15, 1991, Ketchum, having allegedly been notified that the clerk of the district court was unable to locate his opposition to answer, filed a supplemental opposition to answer in which he alleged that defendants: had conspired to deny him due process of law by false arrests; had damaged his personal property, an eagle feather; did not exercise due care in dealing with him; were acting upon city policy regarding transients.
 
 
 11
 On May 29, 1991, appellees BCDC, RPD, and TPD filed a response to Ketchum's supplemental opposition to answer and urged that: Ketchum's conspiracy claims should be dismissed as conclusory; Ketchum's allegations of damage to his property, an eagle feather, should be dismissed inasmuch as adequate state post-deprivation remedies are available; Ketchum's allegation that defendants were not exercising due care in their dealings with him and other transients is barred because allegations of negligence are insufficient to state a claim under § 1983.
 
 
 12
 On August 9, 1991, the district court entered an order granting Ketchum's motion to amend, in part, and granting appellees' motions to dismiss:
 
 
 13
 BCDC, RPD, and TPD specifically object to the motion to amend on the ground that plaintiff violated D.N.M. LR-Cv 7.3 ... [because] plaintiff's motion to amend did not have the proposed amended complaint attached.... Considering plaintiff's pro se status, plaintiff's motion to amend is sufficient to meet the attachment requirement.
 
 
 14
 The motion to amend also lists more defendants in the caption than the first complaint. Plaintiff, however, fails to explain how these additional defendants fit into his proposed amended complaint. For that reason, the complaint should not be amended to allow the additional defendants listed in the caption. On the other hand, because plaintiff's motion to amend contains new allegations, the complaint should be amended to reflect those allegations. I, therefore, find that plaintiff's motion to amend should be granted in part.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 The defendants wish to dismiss plaintiff's complaint for failure to state a § 1983 and § 1985 claim for which relief may be granted.... in view of plaintiff's pro se status, the court will not construe plaintiff's pleadings as strictly as it would construe the pleadings prepared by an attorney. Haines v. Kerner, 404 U.S. 519, reh'g denied 404 U.S. 948 (1972).
 
 
 18
 Defendants correctly state that police departments such as RPD, TPD, and APD are not suable entities under § 1983, because they lack legal identities apart from the municipality. See Martinez v. Winner, 771 F.2d 425, 443 (10th Cir.1985).... Moreover, BCDC is similar to a police department in that it is likewise subsumed within the larger municipality.... Plaintiff, thus, cannot sue BCDC, RPD, TPD and APD under § 1983.
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 Plaintiff contends that defendants conspired to deprive him of his constitutional rights in violation of § 1985. To state a claim of conspiracy under § 1985, plaintiff must allege that defendants had a conspiracy for the purpose of depriving him of equal protection of the laws, or equal privileges and immunities under the laws; and that the conspirators did or cause an act in furtherance of the object of the conspiracy so that plaintiff was injured in person or property or deprived of any right or privilege of a citizen of the United States.... Plaintiff may not rely on a conclusory allegation of conspiracy, but must allege specific facts showing the elements of a § 1985 conspiracy. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). Having reviewed plaintiff's pleadings, I find that his conspiracy assertions are conclusory and do not state a claim of conspiracy under § 1985.
 
 
 22
 WHEREFORE,
 
 
 23
 IT IS ORDERED that plaintiff's motion to amend is granted to reflect the new factual allegations asserted in the motion to amend.
 
 
 24
 IT IS FURTHER ORDERED that plaintiff's § 1983 claim is dismissed with prejudice and the § 1985 claim is dismissed without prejudice.
 
 
 25
 (R., Vol. I, Tab 22, at pp. 1-4).
 
 
 26
 On appeal, Ketchum contends that the district court erred in dismissing his amended complaint and in dismissing his § 1983 claims with prejudice. Ketchum argues that the dismissal of the amended complaint amounted to an abuse of discretion.
 
 
 27
 We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Allegations in the plaintiff's complaint are presumed true. Id., citing, Curtis Ambulance of Fla., Inc. v. Board of County Commissioners, 811 F.2d 1371, 1374 (10th Cir.1987). A complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief. Id. We construe a pro se litigant's pleadings liberally. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989).
 
 
 28
 Within his complaint, Ketchum alleged, inter alia, that he had been falsely arrested, slapped around by a black officer, and denied medical treatment. Ketchum also alleged that the defendants "have or had" a policy which discriminated against transients, homeless, and hobos and that the policy was enforced by local police agencies in New Mexico in violation of his rights. Upon appellees' motion, the district court dismissed Ketchum's § 1983 claims with prejudice after finding that "RPD, TPD, APD are not suable entities under § 1983 because they lack legal identities apart from the municipality" and that "BCDC is similar to a police department in that it is likewise subsumed within the larger municipality."
 
 
 29
 Municipalities, however, may be liable under § 1983 "if the deprivation of a federally protected constitutional or statutory right was the result of action taken 'pursuant to official municipal policy of some nature' and ... the 'execution of a government's policy or custom ... inflicts the injury." Houston v. Reich, 932 F.2d 883, 887 (10th Cir.1991), quoting, Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978). And in City of St. Louis v. Praprotnik, 485 U.S. 112 (1988), the court held that acts of an official which have been officially sanctioned or ordered were acts of the municipality.
 
 
 30
 Inasmuch as Ketchum specifically alleged that appellees "have or had" a policy which discriminated against transients, homeless and hobos and that the policy was enforced by local police officials in New Mexico in violation of his rights, and inasmuch as municipalities are liable for the deprivation of federally protected rights occasioned by the execution of municipality's policy or custom, Monell, supra, we hold that the court erred in denying Ketchum's motion to amend to add the municipalities as defendants and in dismissing Ketchum's § 1983 claim.
 
 
 31
 REVERSED and REMANDED for further proceedings consistent herewith. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3