**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANN HENRY,

      Plaintiff - Appellant,

v.

ALBUQUERQUE POLICE
DEPARTMENT; OFFICER D. L.
HANSEN; NEW MEXICO MOTOR
VEHICLE DIVISION,

      Defendants - Appellees.

No.  01-2297
D.C. No. CIV-00-719 JC/KBM
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

Patrolling in his police car near midnight on May 29, 1999, Officer D. L. Hansen of the Albuquerque Police Department noticed that Ann Henry's pickup truck had no license plate. Officer Hansen signaled his lights and stopped Ms. Henry. When Officer Hansen searched her driving record on his patrol car computer, he discovered that her license had been suspended. Officer Hansen ordered Ms. Henry out of her truck and called a tow truck to impound the vehicle. After seeing the tow truck arrive, Ms. Henry attempted to re-enter her truck. Officer Hansen grabbed her by the arms and legs and removed her. She claims, in addition, that he punched her in the face, a blow that fractured her nose.

Ms. Henry alleges that the New Mexico Department of Motor Vehicles supplied Officer Hansen with what she calls false and derogatory information about her driving record. She contends that the information violated her constitutional rights. She also alleges that Officer Hansen used excessive force in removing her from her truck. Proceeding pro se, she brought six claims, most of them asserted against the defendants collectively. Some of these claims arise under criminal statutes; several others, rooted in the post-Civil War statutes, allege a large-scale conspiracy to violate her constitutional rights; and finally, against Officer Hansen alone, she brought a 42 U.S.C. § 1983 claim and another

titled "Negligence resulting in violation of Civil Rights." *See* "Complaint for Damages," R. Doc., Vol. I at 3-4.

## II. CLAIMS DISMISSED ON RULE 12(b)6 MOTION

The district court dismissed most of Ms. Henry's claims on separate motions to dismiss filed by the defendants under Fed. R. Civ. P. 12(b)(6). The court did so correctly. First, with respect to the claims arising under 18 U.S.C. §§ 241 and 242, the court ruled that these criminal statutes, like other such statutes, do not provide for a private civil cause of action. This holding rests on settled law from this and other circuits. *See Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) (noting § 241 does not authorize private right of action); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (same to both §§ 241 and 242). Moreover, 18 U.S.C. § 1505, which Ms. Henry also asserts as a basis for a claim, is not only a criminal statute, it appears to bear no relevance to the underlying events. The statute prohibits efforts to impede the investigation of any federal agency or congressional committee.

Next, after engaging in the familiar arm-of-the-state analysis, the district court ruled that the Department of Motor Vehicles was a state agency and therefore entitled to Eleventh Amendment immunity. The court acknowledged and applied the two factors that inform the question whether a defendant agency

is an arm of the state for purposes of the Eleventh Amendment: the degree of autonomy given to the agency under state law and the amount of funding it receives from the state treasury. *See V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1420 n.1 (10th Cir. 1997). The court then turned to the claims against the municipal defendants and ruled that Ms. Henry offered no allegations of an unconstitutional policy or custom. Consequently, the district court noted, there could be no § 1983 liability against the city. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).[1] With respect to both its Eleventh Amendment analysis and its municipal liability analysis, we find no error in the court's reasoning.

Additionally, the district court rejected the various claims alleging a conspiracy to deprive Ms. Henry of her civil rights, largely because her complaint lacked sufficient factual allegations to support a conspiracy. This ruling, we conclude, was also correct.

---

[1] We note that Ms. Henry did not sue any municipal entity per se. She did, however, sue Officer Hansen in his official capacity, which is equivalent to suing the City of Albuquerque, his true employer. She also sued the Albuquerque Police Department. The district court properly relied on an unpublished decision from this court holding that the Albuquerque Police Department lacks a legal identity apart from the City of Albuquerque. *See Ketchum v. Albuquerque Police Dep't*, No. 91-2200, 1992 WL 51481, at ***2 (10th Cir. Mar. 12, 1992).

## III. CLAIMS ON WHICH OFFICER HANSEN WAS GRANTED SUMMARY JUDGMENT

The rulings on the defendants' motions to dismiss left only the two claims asserted against Officer Hansen individually. The district court later granted him summary judgment. First, it rejected Ms. Hansen's "negligence" civil rights claim, ruling that a negligent act does not violate the constitution. This was a proper application of Supreme Court precedent. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Next, the court held that Officer Hansen was entitled to qualified immunity on Ms. Henry's § 1983 claim. The court began its analysis by acknowledging the strict two-step test a plaintiff must pass whenever a defendant raises the qualified immunity defense:

> First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.

*Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir.2000) (quotation omitted). The court accepted that Ms. Henry, who contended that Officer Hansen's actions violated the general prohibition on the use of excessive force, had met her first burden, but ruled that she did not meet her second.

Specifically, the court stated that "there is no evidence in the record that the force with which Defendant Hansen removed Plaintiff from her truck was

excessive," R. Vol. I, Doc. 59 at 8, and that it could "find[ ] no evidence to support Plaintiff's allegations that Defendant Hansen used his fist to assault her." *Id*. at 9. "Accordingly, the Court determines that there is no evidence in the record that the force used by Defendant Hansen was constitutionally excessive." *Id.* This seems to reflect the court's belief that Ms. Henry failed to present evidence showing that the level of force applied by Officer Hansen violated clearly established law.

We review a grant of qualified immunity on summary judgment de novo, and we regard the evidence in the light most favorable to Ms. Henry. *Davis v. Gracey*, 111 F.3d 1472, 1478 (10th Cir. 1997). Contrary to the district court's view, we conclude that evidence presented by Ms. Henry, when viewed in a light most favorable to her, raises a disputed issue of fact concerning whether Officer Hansen applied excessive force.

In his affidavit submitted to the district court in support of his motion for summary judgment, Officer Hansen did not deny that he grabbed Ms. Hansen by her legs and arms in an effort to remove her from the pickup truck. He explained that this use of force was necessary to prevent her from fleeing in a vehicle that he had determined must be impounded. He further explained that she had become verbally abusive after he ordered her out of the truck and told her that the truck

was to be towed to an impound lot. However, he denied striking Ms. Henry in the face with his fists. *See* R. Vol. 1, Doc. 44, Ex. A.

Ms. Hansen answered Officer Hansen's contentions by attaching her own affidavit to her response to the officer's summary judgment motion. That affidavit contradicted Officer Hansen's claims. It alleged that as she sat in the truck, with her legs outside the cab, Officer Hansen "grab[bed] my leg to pull me out of the truck. I got my leg *free* ( . . . I did not [kick him]) and then he grabbed my arm, pulled me out of the truck and punche[d] me in the face." *Id.*, Doc. 47 ("Affidavit of Ann L. Henry," para. 6) (emphasis in original). She also attached to her response a report from a radiologist dated six days after the event, which found a "[s]mall non-displaced fracture at the tip of [Ms. Henry's] nasal bone." *Id.*, Doc. 47, Exhibit A. Noting that Ms. Henry complained that she had been "[h]it in the face," the report indicated the presence of a lump at the bridge of her nose. *Id.*

As we view this evidence, it is simply not the case that Ms. Henry failed to present evidence showing the use of excessive force. This is especially true given what Officer Hansen did *not* argue before the district court. He did not rest his immunity defense on any claim, either in the first instance or as an alternative argument, that even if he did in fact strike Ms. Henry in the face, his actions were objectively reasonable given the rapidly unfolding and volatile circumstances he

confronted.  Instead, he flatly denied her primary assertion:  that with little provocation and no apparent justification he punched her in the face, fracturing her nasal bone.  Thus he did not seek the generous shelter the Supreme Court has given officers who use force during an arrest of a suspect.  That is, to defeat a qualified immunity defense in an excessive force case, a plaintiff must show not just that the officer used an unreasonable level of force, but also that the force he did use was more than the result of a mistaken understanding of the level of force necessary under the circumstances.  *See Saucier v. Katz*, 533 U.S. 194, 205 (2001).  Officer Hansen simply denied that he used the type and level of force that Ms. Henry accused him of using.  While this may well prove to be a valid and effective defense at trial, it is not a qualified immunity defense.  It is not a claim that what he did was reasonable given the circumstances, nor is it a claim that he was mistaken, but not unreasonably so, as to the amount of force that was appropriate.  *See id.*  Rather, it amounts to no more than a general denial that Officer Hansen used what would be, if proven, excessive force.  As such, Officer Hansen is not entitled to qualified immunity.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and REVERSED in part, and the cause is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge