**Everett HOUCK, Plaintiff–Appellant,**

v.

**Joe HEATON, United States District Judge, Defendant–Appellee.**

**No. 13–6034.**

United States Court of Appeals, Tenth Circuit.

April 30, 2013.

Everett Houck, Del City, OK, pro se.

Before BRISCOE, Chief Judge, ANDERSON, and TYMKOVICH, Circuit Judges.*

**ORDER AND JUDGMENT****

PER CURIAM.

Everett Houck lost his home to foreclosure and began a series of lawsuits against members of the Oklahoma judiciary in-

volved in that process. In this case, Houck has now extended his efforts to members of the federal judiciary as well. As relevant to this action, Houck filed a one-page *pro se* complaint against U.S. District Court Judge Joseph Heaton. In its entirety, the body of Houck's complaint reads as follows:

> I am seeking relief under Title 18 USC Section 242 to seek justice for those who have been denied their civil right by judges in the state of Oklahoma. I realize this is [a] criminal statute, but the U.S. Attorney fails to answer my complaints so I am filing this in civil court as a class action to get enough evidence to get action. I filed suit in this court after I my *[sic]* appeal in Oklahoma County was completely ignored. My case in this Court was dismissed the day after I filed it. After research I have found that there are a great many judicial complaints filed against judgments for reason similar to mine. I am filing this as a class action to seek a place for those who have been denied their rights a chance to come and have their cases heard and to maybe bring about change in a corrupt system. There needs to be honest judicial review, not a rubber stamp that allows corrupt behavior to continue.

*Houck v. Heaton,* No. 5:13–cv–00074–R, ECF # 1 (W.D.Okla. Jan. 13, 2013).

The district court dismissed Houck's complaint for failure to state a claim because 18 U.S.C. § 242 provides no private right of action. The district court is correct. As we noted in one of Houck's previ-

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

** This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

ous appeals, 18 U.S.C. § 242 does not create a private civil cause of action. *Houck v. Ball,* No. 12–6301, 2013 WL 541074, at *1 (10th Cir. Feb.14, 2013) (citing *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994)); *see also Henry v. Albuquerque Police Dep't,* 49 Fed. Appx. 272, 273 (10th Cir.2002) ("claims arising under 18 U.S.C. §§ 241 and 242 ... do not provide for a private civil cause of action").

We therefore AFFIRM the judgment of the district court.