FILED
United States Court of Appeals
Tenth Circuit

April 30, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EVERETT HOUCK,

Plaintiff-Appellant,

v.

NOMA D. GURICH, Oklahoma
Supreme Court Justice,

Defendant-Appellee.

No. 13-6029

(W.D. of Okla.)

(D.C. No. 5:13-CV-00075-HE)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit
Judges.[**]

---

Everett Houck lost his home to foreclosure and began a series of lawsuits

against members of the Oklahoma judiciary involved in that process. As relevant

to this action, Houck filed a one-page *pro se* complaint against Oklahoma

Supreme Court Justice Noma Gurich. Houck's complaint sought "relief under

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Title 18 USC Section 242 to seek justice for those who have been denied their civil rights by judges in the state of Oklahoma." R. at 3. Houck generally alleged corruption in the Oklahoma judiciary and accused Justice Gurich of wrongly dismissing claims related to his foreclosure. "The relief in this case," he said, "needs to be a criminal investigation of the judges in the state of Oklahoma and a return to honesty in the court system." *Id*.

The district court dismissed Houck's complaint for failure to state a claim because 18 U.S.C. § 242 provides no private right of action. The district court is correct. As we noted in one of Houck's previous appeals, 18 U.S.C. § 242 does not create a private civil cause of action. *Houck v. Ball*, No. 12-6301, 2013 WL 541074, at *1 (10th Cir. Feb. 14, 2013) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)); *see also Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) ("claims arising under 18 U.S.C. §§ 241 and 242 . . . do not provide for a private civil cause of action").

We therefore AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

PER CURIAM