**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARKEITH D. TUCKER,

      Plaintiff - Appellant,

v.

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT; UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA,

      Defendants - Appellees.

_____

No. 20-7003
(D.C. No. 6:19-CV-00247-RAW)
(E.D. Okla.)

MARKEITH D. TUCKER,

      Plaintiff - Appellant,

v.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
OKLAHOMA; CARMELITA REEDER
SHINN, Court Clerk OKWD; TIMOTHY
D. DEGIUSTI, US District Judge, OKWD

      Defendants - Appellees.

No. 20-7004
(D.C. No. 6:19-CV-00295-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Plaintiff-Appellant Markeith D. Tucker, proceeding pro se[1] and *in forma pauperis*, appeals from two orders entered in separate cases by the same judge in the Eastern District of Oklahoma. In both orders, the district court sua sponte dismissed with prejudice Tucker's two complaints, finding that they are frivolous, fail to state a claim upon which relief can be granted, and seek relief from defendants who are immune from liability. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

At Tucker's request, the district court authorized Tucker to commence his lawsuits without paying the concomitant fees. But, because Tucker proceeds *in forma pauperis* under 28 U.S.C. § 1915(a)(1), his complaints are subject to that statute's screening requirement. Section 1915(e)(2)(B) requires that the district court dismiss a case at any time if "the action . . . is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." When a "frivolousness determination turns on an issue of law," as here, we review de novo. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citing *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003)). We also review de novo the court's determination that the complaints fail to state a claim upon which relief could be granted and pursue defendants entitled to immunity.

_____

[1] Because of Tucker's pro se status, we liberally construe his filings but stop short of serving as his advocate or crafting arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187–88 (10th Cir. 2003); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

*See Syrus v. Nat'l Basketball Ass'n*, No. 19-6096, 2019 WL 7938555, at *2 (10th Cir. 2019) (unpublished) (citing *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Snell v. Tunnell*, 920 F.2d 673, 675 (10th Cir. 1990)).

A complaint is frivolous under § 1915 when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And to comply with pleading standards, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither of Tucker's complaints passes these tests.

The complaint in the first case states in full:

> I have file[d] multiple Civil Lawsuits with UNITED STATES DISTRICT COURT WESTERN DISTRICT OF Oklahoma for further Racial Profiling, Discriminating towards me as Plaintiff and for Officials to do a wid[e] Pattern and Practice as well as Deprivation of Rights Under Color of Law.

No. 20-7003 R. at 3. Based on internet printouts attached to his complaint and his appellate brief, it appears Tucker is attempting to sue under 34 U.S.C. § 12601 (formerly 42 U.S.C. § 14141) and 18 U.S.C. §§ 241–242. Such claims lack a basis in the law because these statutes do not afford Tucker a private right of action. Section 12601 affords enforcement only to the Attorney General. *See* 34 U.S.C. § 12601(b) ("Whenever the Attorney General has reasonable cause to believe that a violation of paragraph [(a)] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice."). Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action. *See Linda R.S. v. Richard D.*, 410 U.S.

3

614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (recognizing that it is "settled law" that §§ 241 and 242, "like other such statutes, do not provide for a private civil cause of action" (citations omitted)). Thus, with no "arguable claim for relief" this complaint is frivolous and fails to state a claim, as the district court correctly concluded. *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (emphasis omitted).

The district court also concluded the complaint in the second case is frivolous and fails to state a claim. This second complaint, while a little meatier, simply piggybacks the first (filed a month before). As "background," Tucker asserts that he "was Discriminated on by Social Security, 'SWOSU' and State Courts along with Courts where I filed my Civil Class Action Lawsuits Complaints." No. 20-7004 R. at 4. He purports to make three claims: (1) "I filed my Civil Suit complaints just for U.S. DIST. COURT WESTERN DIST. OKLA to conduct a Conspiracy Against my Rights; Title 18, U.S.C., Section 241"; (2) "The[y] violated Title 18, U.S.C., Section 242-Deprivation of Rights Under Color of Law and did a bad Pattern and Practice under Title 42, U.S.C. Section 14141"; and (3) "I was lead [sic] on by Courts as they where [sic] going to subside dispute, just to be ignorant a further violated." *Id.* Thus, this second complaint premises its claims on the same statutes as the first, meaning it is also frivolous and fails to state a claim because these statutes do not afford Tucker a private right of action.

4

Finally, the district court also correctly determined that Tucker sued immune defendants in both cases. Tucker attempts to sue federal courts, naming the "United States District Court Western District of Oklahoma" in both complaints and the "United States Court of Appeals for Tenth Circuit" in the first complaint. No. 20-7003 R. at 3; No. 20-7004 R. at 3. Tucker is thus attempting to sue the federal government. But the federal government has sovereign immunity. And, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted). No waiver exists here, so these Defendants are immune from suit.[2]

We accordingly affirm the district court's orders dismissing[3] the complaints as

---

[2] In his second complaint, though not in his caption, Tucker lists a court clerk and a district judge in the Western District of Oklahoma as defendants but does not explain what they did to harm him. Without knowing why Tucker is suing these Defendants, we cannot assess whether they are entitled to immunity.

[3] The district court dismissed both complaints with prejudice. We agree this was appropriate because both complaints fail to state a claim and granting Tucker leave to amend either would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under [Federal Rule of Civil Procedure] 12(b)(6) and granting leave to amend would be futile." (citation omitted)); *Curley v. Perry*, 246 F.3d 1278, 1282–83 (10th Cir. 2001) (noting that "the standard for dismissal for failure to state a claim is essentially the same under" § 1915(e)(2)(B)(ii) and Rule 12(b)(6) and affirming dismissal with prejudice under both when no amendment could cure the complaint's defect (citations omitted)).

frivolous, failing to state a claim, and seeking relief from immune defendants. We deny Tucker's motion to compel as moot.

Entered for the Court

Gregory A. Phillips
Circuit Judge