**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

**June 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

MARKEITH D. TUCKER,

    Plaintiff - Appellant,

v.

ELK CITY POLICE DEPARTMENT;
OKLAHOMA MUNICIPAL
ASSURANCE GROUP (OMAG);
ROBERSON KOLKER COOPER
GOERES PC; PROGRESSIVE
INSURANCE COMPANY,

    Defendants - Appellees.

No. 22-6023
(D. C. No. 5:21-CV-311-SLP)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]

_____

Markeith D. Tucker, a pro se litigant proceeding in forma pauperis, filed

claims against various defendants regarding a motor vehicle accident, which took

place on July 9, 2020. The district court dismissed the case upon initial screening

under 28 U.S.C. § 1915 after finding that Tucker's complaint was frivolous and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

failed to state a claim.  To the extent the complaint asserted claims under 34 U.S.C. § 12601 and 18 U.S.C. §§ 242 and 249, the district court dismissed them with prejudice.  Tucker now appeals.

A § 1915(d) dismissal may be sua sponte when "on the face of the complaint it clearly appears that the action is frivolous or malicious."  *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir. 1981).  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Because Tucker is pro se, we construe his allegations liberally, however, we will not "assume the role of advocate."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In this case, we affirm the district court's dismissal for substantially the same reasons as provided in the district court's order.  Tucker's complaint invokes 34 U.S.C. § 12601 as well as 18 U.S.C. §§ 242 and 249.  His brief on appeal also invokes 18 U.S.C. § 241.  In connection with these statutes, we have previously upheld a district court's dismissal of similar claims in another case brought by Tucker:

> [T]hese statutes do not afford Tucker a private right of action.  Section 12601 affords enforcement only to the Attorney General.  *See* 34 U.S.C. § 12601(b) ("Whenever the Attorney General has reasonable cause to believe that a violation of paragraph [(a)] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.").  Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("[A] private

2

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (recognizing that it is "settled law" that §§ 241 and 242, "like other such statutes, do not provide for a private civil cause of action" (citations omitted)). Thus, with no "arguable claim for relief" this complaint is frivolous and fails to state a claim.

*Tucker v. U.S. Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (alterations in original).[1]  This analysis applies equally here.  Overall, examining the appeal, complaint, and supplemental briefing, Tucker's claims involve conclusory allegations without legitimate argument or supporting factual allegations.[2] Accordingly, the district court correctly found that the claims were frivolous and that his complaint failed to state a claim upon which relief may be granted.

The complaint also lacks subject matter jurisdiction.  Under 28 U.S.C. § 1332, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).  In his complaint, Tucker names the following defendants: Elk City Police Department; Roberson Kolker Cooper Goeres, P.C.; Progressive Insurance; and Oklahoma Municipal Assurance Group ("OMAG"). Under the complaint's "jurisdiction" section, Tucker writes "U.S. Government

---

[1] Although not precedential, we find the discussion in *Tucker* to be instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

[2] In his appellate brief, Tucker also claims that one or more of the defendants committed "Obstruction of Justice" by "Making false statements to officials," and also that they "violated" the "Fourth Amendment."  Aplt. Br. at 3.  But Tucker fails to elaborate on these claims or provide any indication that he is entitled to relief.

Plaintiff" along with his name.  R. at 5.  Tucker is a citizen of Oklahoma.  As alleged, the citizenship of Elk City Police Department and OMAG is also Oklahoma.  Tucker fails to allege the citizenship of the other defendants.  Thus, we find that the district court properly found the complaint lacks subject matter jurisdiction.  *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

In conclusion, we affirm the dismissal of Tucker's complaint.  The complaint clearly lacks an arguable basis either in law or in fact.  On its face, it fails to allege enough facts to state a plausible claim to relief.  It also lacks subject matter jurisdiction.  Thus, the district court properly dismissed Tucker's complaint.  Additionally, Tucker's motion to expedite is denied as moot.

Entered for the Court

Allison H. Eid
Circuit Judge

4