**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

JEHAN SEMPER,

    Plaintiff - Appellant,

v.

SCOTT BESSENT, Secretary of the
Treasury; OGDEN CITY; OGDEN
POLICE; ERIC YOUNG, Police Chief
Ogden Police; P. THOMAS, Police
Officer; JORDAN NIELSEN, Police
Officer; FNU BUSHELL, Police Officer;
FNU HILL, Police Officer; FNU
BURNEM, Police Officer; RYAN
ARBON, County Sheriff; WEBER
COUNTY SHERIFF; WEBER
COUNTY; OFFICE OF CIVIL RIGHTS
AND DIVERSITY; INTERNAL
REVENUE SERVICE; SCOTT
WALLACE, Acting Field Director;
JAYLYNN  MCQUIDDY, Operations
Manager; CYNTHIA J. CROWELL,
Department Manager; ALANA P.
MITCHELL, Manager; MELISSA D.
EVANS, Training Manager;
ZACHARIAH A. PINKSTON, On the
Job Instructor; MATTHEW G. HOWELL,
TIGTA; ANDREW V. AUSTIN, TIGTA;
ERIC C. REED, TIGTA; JONATHAN L.
PRUETT, TIGTA; JAMES JEWETT, IRS
Security Officer; NATHANIEL EYE, IRS
Security Officer,

    Defendants - Appellees.

_____

No. 25-4022
(D.C. No. 1:22-CV-00070-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Jehan Semper, proceeding pro se, appeals the district court's dismissal of her case against the Secretary of the Treasury and various city and county defendants. The district court dismissed the lawsuit because Semper failed to exhaust her administrative remedies before filing suit as required for Title VII claims, and she asserted claims under criminal statutes, which do not provide a private cause of action. Because we agree that the district court correctly dismissed Semper's case, we **AFFIRM**.

## I.    Background

Semper was fired three months into her employment with the Internal Revenue Service in Ogden, Utah. She submitted an Equal Employment Opportunity (EEO) complaint, asserting discrimination claims based on her religion and age, and retaliation for prior EEO activity—all in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). The Department of the Treasury's Office of Civil Rights and Diversity (OCRD) investigated the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

matter and denied all of Semper's claims but one. In the Final Agency Decision (FAD), the OCRD found that Semper's protected EEO activity may have played a part in her firing[1] and therefore ordered the IRS to take certain actions, including to reinstate Semper and provide the appropriate amount of backpay.

On May 23, 2022, Semper filed suit because she believed that the IRS failed to comply with the FAD. According to Semper, the offer of reinstatement and backpay was not compliant with the FAD's terms. As a result, she sued the Secretary of the Treasury (then, Jannet Yellen, now Scott Bessent), the Ogden City Defendants,[2] and the Weber County Defendants.[3] She requested enforcement of the FAD through Title VII and asked the court to "write a letter" to "the appropriate entity" about her "18 USC criminal allegations" for prosecution. Aplt. Br. at 3–4, 7.

The district court granted each defendant's motions to dismiss.[4] As for the claims against the Secretary, the court held that Semper failed to exhaust her

---

[1] According to the OCRD, the "timing of the drafting and issuance of the Termination Letter" suggested a retaliatory motive by management, since all this was done after discovering that Semper had "initiat[ed] an informal EEO complaint." R., Vol. I at 958.

[2] The Ogden City Defendants include Ogden City, Ogden City Police Department, Chief Eric Young, Officer P. Thomas, Officer Jordan Nielsen, Officer Bushell, Officer Hill, and Officer Burnem.

[3] The Weber County Defendants include Weber County, Weber County Sheriff, Ryan Arbon, and John/Jane Does Sheriff Deputies.

[4] The Weber County Defendants moved to dismiss based on a motion for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). As the district court noted, "[w]e use the same standard when evaluating 12(b)(6) and 12(c)

administrative remedies before filing suit.  Under the relevant federal regulations, if Semper believed that the IRS was not complying with the FAD, she was required to notify the EEO Director of this in writing.  If she was still dissatisfied with the IRS's attempt to resolve the matter, she should have appealed to the EEOC for a determination on whether the agency was in compliance with the FAD.  According to the district court, Semper had not exhausted these remedies before initiating this lawsuit.  As for the Weber County and Ogden City Defendants, the court held that the only relevant claims against them were criminal allegations, and those claims fail because criminal statutes do not provide a private cause of action.

## II.   Discussion

On appeal, Semper makes the same arguments that she made below.  That is, she seeks enforcement of the FAD and argues that the district court erred by failing to refer her "18 USC Criminal Allegations" to the "appropriate entity" for prosecution.  She also argues that the lower court tried to "silence" her by entering an order limiting her filing of documents due to the large number of documents that were being submitted.  Aplt. Br. at 3.

### A.   Secretary of the Treasury

Semper claims that the Secretary should be held liable for failing to comply with the FAD's terms and violating Title VII.  The Secretary, in response, argues that

---

motions." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002). Thus, the district court analyzed the Weber County's motion no differently than a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Semper's claims should be dismissed because she failed to exhaust her administrative remedies.

As the Secretary acknowledges, "[s]overeign immunity does not bar employment discrimination claims against the federal government where the federal government is the employer." *Freeman v. Raytheon Techs. Corp.*, No. 23-1133, 2024 WL 1928463, at *5 (10th Cir. May 2, 2024). But before resorting to the courts, "[f]ederal employees alleging discrimination or retaliation prohibited by Title VII . . . must comply with specific administrative complaint procedures in order to exhaust their administrative remedies. These procedures are set forth in Part 1614 of Chapter 29 of the Code of Federal Regulations." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (citations omitted). Relevant here, "[i]f the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision" that she has received in her favor, the complainant must "notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance." 29 C.F.R. § 1614.504(a). If the Commission agrees that the "agency is not complying with a prior decision . . . the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the ADEA," and others. 29 C.F.R. § 1614.503.

Semper has not followed all these procedures before filing suit. To be sure, the Secretary agrees that Semper took the first step in the administrative process by notifying the OCRD that the IRS was allegedly not complying with the FAD. But

5

Semper remained unsatisfied with the IRS's attempt to "resolve the matter." 29 C.F.R. § 1614.504(b). Thus, and according to 29 C.F.R. § 1614.504(b), she should have appealed to the EEOC for a formal determination on whether the IRS was following the FAD. She did not do so. Because Semper failed to exhaust her administrative remedies before resorting to the courts, her claim was properly dismissed.[5] *See Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003) (In an enforcement action, "the lack of an EEOC determination of non-compliance, which is a prerequisite to such a suit," is fatal).

The rest of Semper's claims against the Secretary similarly fail. First, she argues that the deadline to exhaust her administrative remedies should be tolled. Putting aside that she does not assert any legal grounds for such tolling, this argument fails for another reason. Namely, and as the Secretary explains, there is no deadline to toll. Under the relevant guidelines, if Semper is "not satisfied with the agency's attempt to resolve the matter," which was the case here, she can appeal to the EEOC "35 days after . . . she has served the agency with the allegations of noncompliance." 29 C.F.R. § 1614.504(b). Alternatively, if she has received a formal determination of noncompliance, Semper "must file an appeal within 30 days of his or her receipt of an agency's determination." *Id.*

Neither deadline is operative here. According to the Secretary, 35 days have passed since Semper served the agency with allegations of noncompliance. Thus,

_____

[5] Because the district court properly dismissed Semper's claims against the Secretary, Semper's motion for sanctions against the Secretary is moot.

Semper is free to appeal to the EEOC, and there is no deadline under the relevant guidelines to toll on that front. Moreover, because Semper has not received a formal determination of noncompliance, the mandatory 30-day deadline does not apply. Semper's argument on tolling is therefore immaterial.

Second, Semper argues that the magistrate judge tried to "silence" her by issuing certain conditions on her filing of documents. But Semper has waived this argument because she did not directly challenge this order below. *See Salcedo–Hart v. Burningham*, 656 F. App'x 888, 894 (10th Cir. 2016) ("To preserve an issue for appellate review, a party must raise the issue in district court and seek a ruling. When a litigant fails to raise an issue below in a timely fashion and the court below does not address the merits of the issue, the litigant has not preserved the issue for appellate review.") (cleaned up). And even if it were not waived, this argument fails on the merits. "District courts have broad power to manage their dockets, and their exercise of that power is reviewed only for abuse of discretion." *In re Peterson*, 338 F. App'x 763, 764 (10th Cir. 2009). Here, the district court temporarily barred Semper from submitting new filings because of the sheer volume of her submissions. The court noted that "[o]nce the existing motions have been decided, the court will, if needed, lift the ban on filings." R., Vol. I at 453. This decision falls within the district court's broad powers to manage its docket, and we discern no abuse of discretion.

Finally, Semper argues that the Secretary, among others, violated 18 U.S.C. §§ 241, *et seq.*, which are criminal statutes. But as the district court held below,

7

criminal statutes do not provide a private cause of action. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (affirming the district court's dismissal of claims under 18 U.S.C. §§ 241 and 242 because "these criminal statutes, like other such statutes, do not provide for a private civil cause of action"); *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) ("Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action."). Semper also argues that the district court should have referred her claims to the appropriate entity for prosecution, but she cites no authority holding that courts have the power to refer criminal allegations for prosecution. Her argument therefore fails.

The district court correctly dismissed Semper's claims against the Secretary.

### B.    *Weber County and Ogden City Defendants*

Semper asserts similar claims against the Weber County and Ogden City Defendants. To start, Semper clarified below that she was not asserting Title VII claims against the Weber County and Ogden City Defendants. Nor could she, the district court held, because she did not have an employment relationship with these defendants.

Thus, the only relevant claims on appeal against the Weber County and Ogden City Defendants are criminal allegations. According to Semper, the Weber County and Ogden City Defendants violated 18 U.S.C. §§ 241, *et seq.*, and Semper argues that the district court should have referred her "18 USC criminal allegations" against these defendants to the appropriate authorities for prosecution.

This argument fails for the same reasons discussed above. First, criminal statutes do not provide a private cause of action. *See Henry*, 49 F. App'x at 273. Second, Semper cites no authority holding that courts have the power to refer criminal allegations for prosecution. Semper supplies no arguments in response. We find therefore that the district court correctly dismissed this claim.

Lastly, Semper makes two arguments in passing, neither of which have merit. First, she asks this court to "toll the time to file civil legal actions against Weber County and Ogden [City D]efendants." Aplt. Br. at 10. But Semper provides no reason for such tolling and cites no legal authority to support her claim. Thus, this argument fails. Second, she argues that the district court "aided and abetted 'spoilation' of evidence" by "fail[ing] to order Weber County and Ogden [City D]efendants to preserve evidence." *Id.* at 9. But Semper's appeal only concerns the Weber County and Ogden City Defendants' motion to dismiss her complaint, and that motion did not concern spoliation of evidence. This argument is irrelevant for present purposes.

Semper's claims against the Weber County and Ogden City Defendants were properly dismissed.

## III.    Conclusion

For the reasons stated above, we affirm.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge