FILED
United States Court of Appeals
Tenth Circuit

January 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VINCENT GABRIEL,

    Plaintiff - Appellant,

v.

EL PASO COMBINED COURTS;
DAVID LEE SHAKES, individually and in
his official capacity Judge of El Paso
Combined Courts; GWEN PRATOR,
individually and as employee of David
Shakes; DANIEL MAY, individually and
in his official capacity as District Attorney;
DAVID GUEST, individually and as an
employee; JOHN PARCELL, as an
employee; BECCA KINIKIN, as an
employee; ADAM BAILEY, individually
and as an employee,

    Defendants - Appellees.

No. 20-1020
(D.C. No. 1:19-CV-02248-DDD-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Vincent Gabriel appeals the district court's dismissal of his 42 U.S.C. § 1983 claim against judicial and prosecutorial officials in El Paso County, Colorado. He argues that the district court erred in dismissing his claim that the defendants wrongfully denied his attempts to expunge his arrest and criminal records. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Following a shoplifting incident, Gabriel pled guilty to a single charge of menacing. He was sentenced to complete a Veterans Trauma Court program and he also agreed to an approved aftercare program. He further stipulated that unless he completed both programs, he waived his right to have his arrest and criminal record sealed.

After he completed the Veterans Trauma Court program, but not the approved aftercare program, Gabriel filed motions in state court seeking to expunge or seal the records. The District Attorney objected to expunction or sealing, and Judge David Lee Shakes denied Gabriel's requests because Gabriel failed to complete the required aftercare program.

In his complaint, Gabriel admits that he did not complete the aftercare program. However, he contends that his strong performance during the Veterans Trauma Court program obviated the need to complete the aftercare program. He claims that the prosecutorial defendants' objection to his attempt to expunge or seal the records and the judicial defendants' failure to expunge or seal them violated his constitutional rights and state law.

2

The prosecutorial defendants filed a motion to dismiss. Gabriel sought a 60-day extension to respond to the motion and to amend an affidavit he had incorporated into his complaint. A magistrate judge granted his motion in part, giving him an additional 21 days to file a response, but she denied all other relief. Gabriel did not file a response during the extended time period. The judicial defendants then filed a motion to dismiss, which was granted before Gabriel responded to it.

In its order granting both motions to dismiss, the district court reasoned that Gabriel was not entitled to have his record expunged because he failed to complete the aftercare program, which was a precondition to which he had agreed in his plea agreement. The district court also determined that the judicial and prosecutorial defendants had absolute immunity from civil liability for the performance of actions taken in their judicial and prosecutorial roles, and the El Paso County Combined Courts lacked the legal capacity to be sued.

Gabriel filed a motion for reconsideration, which was denied. He then filed this timely appeal.

## II

"We review de novo a district court's conclusion on the question of absolute immunity." Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994). Gabriel's other challenges are reviewed for an abuse of discretion. See Jensen v. W. Jordan City, 968 F.3d 1187, 1201 (10th Cir. 2020) (leave to amend a complaint); Rachel v. Troutt, 820 F.3d 390, 394 (10th Cir. 2016) (extensions of time); Toevs v. Reid, 685 F.3d

903, 916 (10th Cir. 2012) (appointment of counsel in a civil case). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." Carter v. Bigelow, 787 F.3d 1269, 1278 (10th Cir. 2015) (quotation omitted). We construe Gabriel's pro se pleadings liberally but do not serve as his advocate. United States v. Griffith, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

## A

The district court correctly determined that the individual defendants were entitled to absolute immunity.[1] "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976). "In determining whether particular actions of government officials fit within . . . absolute immunity . . . we apply a functional approach, which looks to the nature of the function performed . . . ." Benavidez v. Howard, 931 F.3d 1225, 1230 (10th Cir. 2019) (per curiam) (quotation omitted).

---

[1] Gabriel does not challenge the district court's conclusion that the El Paso County Combined Courts lack capacity to be sued. In his reply brief he characterizes this conclusion as a "non-issue." In addition, although it appears Gabriel intended to sue the defendants in both their individual and official capacities, he does not adequately develop a separate argument in his opening brief concerning the dismissal of the defendants in their official capacities. We therefore decline to address these issues. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). For similar reasons, we also decline to address Gabriel's argument that the district court failed to provide him with injunctive relief, a request which was not presented to the district court.

Gabriel's complaint sought damages against Judge Shakes and his clerk because the judge failed to grant his motion to expunge his criminal record. A judge acting in his judicial capacity is immune from suit unless he acts in the clear absence of all jurisdiction or is sued for a non-judicial act. Mireles v. Waco, 502 U.S. 9, 11 (1991). Neither exception applies here. Judge Shakes' actions in denying Gabriel's motion to expunge or seal records were those "normally performed by a judge," and Gabriel "dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Accordingly, Judge Shakes is immune from suit. His clerk is likewise immune for exercising functions related to Gabriel's attempt to obtain expunction or sealing of his criminal record.

Gabriel's claims against the District Attorney and other prosecutorial employees likewise fail because the defendants are entitled to absolute immunity "for activities intimately associated with the judicial process."[2] Gagan, 35 F.3d at 1475 (emphasis, ellipsis, and quotation omitted). The prosecutorial defendants' actions in opposing expunction or sealing in the state-court proceeding were intimately associated with the judicial process. The district court therefore properly granted them absolute immunity.

---

[2] The complaint also included allegations of "stalking, email attacks, text messages attacks and planted individuals" intended to harass Gabriel, including "threats of home invasion." These generalized allegations fail to state a plausible claim for relief against any defendant. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotation omitted)).

**B**

Gabriel next argues that the district court erred in dismissing his complaint with prejudice rather than without prejudice. A dismissal with prejudice is appropriate when the defendants are immune from suit and further amendment of the plaintiff's complaint would be futile. See McKinney v. Okla., Dep't of Human Servs., 925 F.2d 363, 365-66 (10th Cir. 1991). Because Gabriel cannot overcome the bar of absolute immunity, these conditions are met here, so the district court did not abuse its discretion in dismissing the complaint with prejudice.

Similar reasoning applies to Gabriel's assertion that the district court dismissed his complaint before he had the opportunity to respond to the motions to dismiss and without having first ruled on his objections to the magistrate judge's denial of his request for additional time. "[A]lthough we disfavor . . . dismissals before the losing party has an opportunity to respond, this court has held that such a dismissal . . . is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." Knight v. Mooring Cap. Fund, LLC, 749 F.3d 1180, 1190 (10th Cir. 2014) (alterations and quotation omitted). Such a dismissal does not violate due process because "[a] litigant whose complaint has been dismissed with prejudice could file a motion to alter or amend the judgment under Rule 59(e) or for relief from the judgment under Rule 60(b)," and "can also bring an appeal." Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).

6

Finally, Gabriel argues that the district court erred in denying his request for appointed counsel.  However, even with counsel, Gabriel cannot overcome the defendants' absolute immunity from suit.  Accordingly, the district court did not err in denying his request.

## III

We affirm the district court's challenged orders and its judgment.  We deny as moot Gabriel's motions to add exhibits and to submit additional attachments to his brief, as the relevant documents are already part of the record on appeal.  His motion to strike the appellees' briefs is denied.

Entered for the Court


Carlos F. Lucero
Circuit Judge